MOTOROLA COMMUNICATIONS AND ELECTRONICS, INC., Plaintiff,

v.

MISSISSIPPI PUBLIC SERVICE COMMISSION and its Chairman, D. W. Snyder; Norman Johnson and John Dale, Members of said Commission; E. W. Robinson, Executive Secretary of said Commission; and Yazoo Answer-Call, Inc., Defendants.

Civ. A. No. J78–0465(N).

United States District Court,
S. D. Mississippi,
Jackson Division.

Dec. 11, 1979.

George P. Hewes, III, R. David Kaufman, Jackson, Miss., for plaintiff.

James K. Child, Jr., J. Leray McNamara, Jackson, Miss., for defendants.

## MEMORANDUM OPINION ON MOTIONS FOR SUMMARY JUDGMENT

WALTER L. NIXON, Jr., District Judge.

On June 6, 1978, the defendant Yazoo Answer-Call, Inc., (Yazoo), filed a Petition with the defendant Commission, alleging violations by Motorola of the Mississippi Public Utility Law. This petition, which was assigned No. U–3536 on the docket of the Commission, alleged that Motorola was operating a community repeater in Yazoo County, Mississippi, without first having obtained a certificate of public convenience and necessity from the defendant Commission, in violation of Mississippi Law, and requested the issuance of a cease and desist order, commanding Motorola to discontinue the operation of its community repeater in Yazoo County.

The plaintiff filed a Motion to Dismiss, contending that the subject matter of the petition is beyond the jurisdiction of the Commission, and is exclusively within the jurisdiction of the United States Government by virtue of the Commerce Clause of the United States Constitution (Article 1, Section 8, Clause 3), and of the Act of Congress, commonly known as the Communications Act of 1934, as amended, 47 U.S.C., § 151 *et seq.* A hearing was held on the Motion To Dismiss on August 29, 1978, and thereafter, on September 19, 1978, the defendant Commission entered its Order denying the motion. Thus, the Commission decided the jurisdictional question adversely to Motorola.

On October 4, 1978, the plaintiff filed a Petition For Rehearing in Cause U–3536, seeking to have the Commission rescind the above order of September 19, 1978, but the Commission did not rule on the petition within twenty (20) days from the filing thereof which, under § 77–3–65 of the Mississippi Code of 1972, is deemed a denial thereof.

Thereafter, on October 26, 1978, Motorola instituted this proceeding by the filing of its Complaint for declaratory judgment and injunctive relief because of the alleged unlawful exercise of jurisdiction by the defendant, Mississippi Public Service Commission, over an aspect of communications activity preempted by the Federal Communications Commission and expressly declared by said Commission, and the reviewing Federal Courts, to be outside the regulatory jurisdiction of state utility commissions. Specifically, the plaintiff seeks a declaratory judgment that the exercise of jurisdiction by the Commission violates the following provisions of the United States Constitution, i. e., Article VI, Clause 2 (Supremacy Clause), Article I, Section 8, Clause 3 (Commerce Clause), and Amendment XIV, Section I (Due Process and Equal Protective Clauses). In addition, Motorola requests a preliminary and permanent injunction prohibiting the defendants from proceeding further in Cause No. U–3536.

The request for a preliminary injunction was brought before this Court by Motion of plaintiff filed on October 26, 1978, and after oral argument and consideration of memoranda filed on behalf of all parties, we denied plaintiff's Motion for a Preliminary Injunction in a Memorandum Opinion dated November 10, 1978, on the basis that Motorola did not prove the necessary immediate irreparable injury.

On January 23, 1979, the defendant Commission commenced its hearings in Cause No. U–3536, and on August 7, 1979, issued a cease and desist order to plaintiff, preventing it from owning or operating equipment and facilities while engaged in and rendering shared public community repeater or mobile relay radio station within Yazoo County, Mississippi.

On February 9, 1979, the defendants filed herein a Motion to Dismiss on the ground that the subject matter of this proceeding involves local regulatory law which is properly within the province of the Mississippi Public Service Commission. On February 10, 1979, the plaintiff, Motorola, filed a Motion for Summary Judgment, alleging the absence of a genuine issue of material fact. Plaintiff asserted that the Commission had no jurisdiction over it or its practice of leasing the use of community repeat-

ers to persons licensed under Part 91 of the FCC's Rules and Regulations. The Court heard oral arguments on February 21, 1979, and after having reviewed the briefs and affidavits submitted by the parties in support of their motions, the Court now addresses the merits thereof.

The plaintiff is a wholly-owned subsidiary of Motorola, Inc. and is engaged in the distribution of radio, communications, and electronic equipment throughout the United States. It distributes this equipment to private users and radio common carriers by sale or lease, and the use of this equipment by these private users and radio common carriers is governed by the Communications Act of 1934, as amended, 47 U.S.C. § 151 *et seq.*, and the Regulations of the Federal Communications Commission promulgated pursuant thereto. With the help of third party services, plaintiff also provides service and maintenance for the equipment it distributes.

The subject of these motions is the community repeater system, which is a mobile relay station that may be shared by more than one FCC licensee. The plaintiff has been in the business of selling or leasing community repeaters for numerous years, and has sold or leased about 45 of these systems in the State of Mississippi. A community repeater is simply a repeater station used by two or more parties or business firms, each separately engaged in two-way radio communications, which permits users to share the operations and costs of the repeater. Each user of the Motorola community repeater must share the frequency assigned to it, and only one lessee of a slot on Motorola's repeater can transmit and receive messages at any one time.

For a person or business to obtain a slot on a community repeater, he must first qualify under Part 91 of the Rules and Regulations of the Business Radio Service, created by the FCC in 1958. The FCC assigned certain frequencies to the Business Radio Service and limited their use to only those licensed by the Service. Those obtaining a license from the FCC to operate on a community repeater must find other user licensees on the frequency, and they must all cooperate in sharing the frequency. The Business Radio Service limits messages over these frequencies to those relating to efficient conduct of the licensee's business, and radio common carriage is expressly prohibited over assigned frequencies of community repeaters.

Unlike a radio common carrier, Motorola does not send, receive, hold, retrieve, forward, answer, provide a telephone answering service, or dispatch any messages for the FCC licensee-user of the community or repeater. A radio common carrier, such as Yazoo Answer-Call, is distinguishably different from that of plaintiff's community repeater. The radio common carrier provides telephone answering and message dispatching service to its subscribers, and provides customers with equipment for direct access to the landline telephone network. Motorola's community repeater service provides none of these services. A radio common carrier is issued an FCC license, and the subscribers of the service operate pursuant to the license of the carrier. In contrast, each individual given a "slot" on a community repeater must be licensed by the FCC, prior to the request for a "slot," but the lessor or supplier of such community repeater, as in the plaintiff's business, is not licensed by the FCC.

Since 1974 the Mississippi Public Service Commission has issued certificates of public convenience and necessity to six radio common carriers authorizing them to install and maintain community repeaters in seventy counties in Mississippi. However, these carriers maintain community repeaters in only five of these certified areas. By comparison, various businesses and persons, including plaintiff, have installed and maintained eighty community repeaters in thirty-seven counties throughout the State. None of these individuals or companies applied for or received certificates of public convenience and necessity from the Commission prior to placing their repeaters in operation.

■ This Court, having considered the arguments of the parties, views the Mississippi Public Service Commission's applica-

tion of Miss.Code § 77–3–3 (1972) to plaintiff Motorola as an illegal attempt to usurp jurisdiction to regulate communication activity that is preempted by the Federal Communications Commission.

The FCC has exclusive jurisdiction to "classify radio stations ... prescribe the nature of the service to be rendered by each class of licensed stations and each station within any class ... encourage the larger and more efficient use of radio in the public interest ... (and) make such rules and regulations and prescribe such restrictions and conditions ... as may be necessary to carry out the provisions of this Act. ..." 47 U.S.C. § 303(a), (b), (g), (r) (1970). This Court recognizes that the FCC has made an exception for radio common carriers, and does not exercise exclusive jurisdiction over them; however, the plaintiff and other carriers maintaining community repeaters are not radio common carriers subject to state regulation. *Multiple Licensing—Safety and Special Radio Service* (FCC Docket 18921), 24 FCC 2d 510 (1970). *See also Nat. Ass'n of Regulatory Utility Com'rs v. FCC*, 525 F.2d 630 (D.C.Cir.1976), *cert. den.*, 425 U.S. 992, 96 S.Ct. 2203, 48 L.Ed.2d 816 (1976). In *Multiple Licensing, supra*, the FCC stated:

> Similarly, we believe no "common carrier" service is involved when equipment suppliers rent or lease a radio facility ... such as a "community repeater," to a group of our licensees for joint use ... the practice of "renting" or "leasing" physical equipment, sites, and other elements of systems of communication, rather than outright sale or ownership by licensees, is prevalent not only in the private mobile radio service, but also in the common carrier and broadcast services as well, and it has never been seriously contended by anyone that equipment suppliers thus engaged are rendering a communications, let alone a common carrier communications service. They do not become communications common carriers, in our view, simply because they rent some facilities to a group for joint usage. (*Multiple Licensing, supra*, at 519.)

Furthermore, we particularly noted appendix "A" to plaintiff's Motion for Summary Judgment, to which is attached a letter from the general counsel of the Federal Communications Commission to the plaintiff's counsel, which reads in part:

> Please be advised that the Federal Communications Commission does authorize eligibles in the private land mobile services, governed by Part 90 of the Rules, who propose to use jointly radio equipment facilities (such as so-called community repeaters) furnished by a third party, and *there is no requirement in its rules that those who supply these facilities be certificated or regulated by state regulatory agencies or by any other authority.* (*Emphasis Added*). Moreover, the Commission does not regulate such suppliers as common carriers under Title II of the Communications Act, and has taken the position that no common carrier service is involved when equipment suppliers rent or lease radio facilities to a group of our licensees for joint use. Leasing or renting physical equipment, sites, and other elements of systems of communication is a common practice not only in the private but also in the common carrier and broadcasting services, and the Commission has stated that equipment suppliers engaged in that business are not rendering a communications service, and that they do not become common carriers by renting radio facilities to a group of licensees for joint use. See *Multiple Licensing—Safety and Special Radio Services, Memorandum Opinion and Order and Notice of Proposed Rule Making*, Docket 18921, released July 22, 1970, 24 FCC 2nd 510, at page 518, paragraph 33.

It is evident from the foregoing that the Federal Communications Commission has determined plaintiff's business not to be that of a common carrier service, and also that plaintiff's business should not be regulated by any state regulatory agency.

▇ Defendant has argued that although the FCC may have exclusive jurisdiction over those licensed to use a community repeater, the FCC does not prevent any state regulation over those who lease or sell and

supply equipment for community repeater systems. The Court finds no merit in this argument for obvious reasons.

The application of Miss.Code 77–3–3 (1972) to Motorola is in effect both hindering and obstructing the free use of a license granted under an Act of Congress. Furthermore, the cease and desist order of the Mississippi Public Service Commission has the effect of rendering null and void the licenses issued by the FCC to those businesses operating on Motorola's repeater. This Court is convinced by the overwhelming authority that the federal government has preempted any state utility regulation over communication arrangements licensed under the Private Business Radio Service of Part 91 of the FCC's Rules and Regulations. *See ATS Mobile Telephone, Inc. v. General Communication, Inc.*, No. 42102 filed (July 24, 1979); *Land Mobile Radio Service*, No. 18262, 46 FCC 2d 752 (May 1, 1974). Because the FCC has the authority to regulate radio communication, the cease and desist order cannot stand.

Pursuant to the authority vested in this Court under 28 U.S.C. § 2283, we hereby enjoin enforcement of the cease and desist order and also stay any future proceedings in any state court relative to the enforcement of Miss.Code § 77–3–3 (1972) as it relates to the plaintiff, Motorola.

▬ The defendants argued that this Court should abstain from proceeding with this matter and dismiss it, since it may be resolved as a matter of law by the State Courts. We conclude that irrespective of Mississippi law, the federal law is clear that Motorola's activities are within the exclusive jurisdiction and control of the FCC, and not the Mississippi Public Service Commission. In exercising this discretion, we are of the opinion that the potential damage to community repeater licensees by the cease and desist order overwhelmingly outweighs any cause for abstention by this Court. Abstention from the exercise of federal jurisdiction is the exception and not the rule. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1967) *reh.*

*den.* 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839.

▬ Although this Court has concluded that the FCC has preempted this aspect of radio communications, we are of the opinion that even if such were not the case, this aspect of radio communications, the authority to regulate the same does not exist under the Mississippi public utility law. Section 77–3–3 of the Mississippi Code of 1972 provides, in pertinent part, as follows:

§ 77–3–3. Definitions. As used in this article.

\*      \*      \*      \*      \*      \*

(d) The term "public utility" includes persons and corporations, or their lessees, trustees and receivers now or hereafter owning or operating in this state equipment or facilities for:

\*      \*      \*      \*      \*      \*

(3) The transmission, conveyance or reception of any message over wire, or by radio, or otherwise, of writing, signs, signals, pictures and sounds of all kinds *by or for the public* where such service is offered *to the public* for compensation, and the furnishing, or the furnishing and maintenance, of equipment or facilities *to the public*, for compensation, for use as a private communications system or part thereof; however, no person or corporation not otherwise a public utility within the meaning of this article shall be deemed such solely because of engaging in this state in the furnishing, for private use as last aforementioned, and moreover, nothing in this article shall be construed to apply to television stations, radio stations or community television antenna services. . . .

Motorola is not a public utility as defined in this statute, inasmuch as it does not operate equipment or facilities for the transmission of messages by radio "by or for the public." The leasing of a community repeater to users licensed by the FCC under its Part 91 private Business Radio Service is not an offering to the public for hire. As previously mentioned, only persons licensed by the FCC under Part 91 may

be leased a slot on the community repeater and, even then, may be denied the slot. Plaintiff's services are clearly not those offered for public hire, and therefore, cannot be and are not a public utility. *See Hinds County Water Co. v. Scanlon*, 132 So. 567 (1931); 65 Am.Jur.2d *Public Utilities* § 1 at 549; 73 C.J.S. *Public Utilities* § 1 at 990.